NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT LEE JENKINS, | : | Civil No. 03-1233 (SRC) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| W. STANLEY NUNN, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    ROBERT LEE JENKINS, #605567A
    South Woods State Prison
    215 Burlington Road South
    P.O. Box 6000
    Bridgeton, New Jersey  08302
    Petitioner pro se

    PATRICIA S. TOREKI, Assistant Prosecutor
    OCEAN COUNTY PROSECUTOR
    119 Hooper Avenue
    P.O. Box 2191
    Toms River, New Jersey  08754-2191
    Attorneys for Respondents

**CHESLER**, District Judge

    Robert Lee Jenkins filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  Respondents filed an Answer and Petitioner filed a Traverse.  For the reasons expressed below, the Court dismisses the Petition and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction filed in the Superior Court of New Jersey, Ocean County, on May 9, 1997, after a jury convicted him of second degree possession of a weapon by a convicted person, third degree unlawful possession of a handgun, and third degree unlawful transfer of a firearm to a person under the age of 18.  After granting the State's motion to sentence Petitioner to an extended term as a persistent offender pursuant to N.J. Stat. Ann. § 2C:44-3(a), the Law Division sentenced him to a 15-year term of imprisonment, with five years of parole ineligibility, on the possession of a weapon by a convicted person charge, a concurrent five-year term of imprisonment on the handgun charge, and a consecutive five-year term of imprisonment, with three years of parole ineligibility, on the transfer to a minor charge.  In an opinion filed December 17, 1998, the Appellate Division of the Superior Court of New Jersey affirmed the conviction but vacated and remanded for resentencing.  On February 24, 1999, the Supreme Court of New Jersey denied certification.  State v. Jenkins, 158 N.J. 74 (1999) (table).

On January 29, 1999, on remand, the Law Division resentenced Petitioner to the same sentence.  The Appellate Division affirmed, see State v. Jenkins, No. A-5448-98 (App. Div. Jan. 12, 2000), and the Supreme Court of New Jersey denied certification, State v. Jenkins, 165 N.J. 133 (2000) (table).

On June 24, 1999, Petitioner filed a petition for post conviction relief in the Law Division.  The Law Division denied relief without an evidentiary hearing on March 24, 2000.  Petitioner appealed, and in an opinion filed on April 3, 2002, the Appellate Division affirmed the order denying post conviction relief.  The New Jersey Supreme Court denied certification on October 22, 2002.  New Jersey v. Jenkins, 174 N.J. 547 (2002) (table).

Petitioner executed the Petition which is now before the Court on March 10, 2003. The Clerk received it on March 18, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents four grounds:

> Ground One: NOTWITHSTANDING THE TRIAL WAS HELD IN ABSENTIA IT WAS NOT FAIR OR IMPARTIAL AND WAS BIAS[ED] AND PREJUDICE UNCONSTITUTIONALLY CHANGE OF VENUE BEFORE A JUDGE OF CONFLICT OF INTEREST (EDWARD J. TURNBACK)
>
> Ground Two: THE CONVICTION WAS OBTAINED BY USE OF COERCED CONFESSION BY THE STATE'S WITNESS JORGE PEDRAZA JR. AND PERJURY AS WELL AS HOWELL TOWNSHIP POLICE OFFICER AND LAKEWOOD POLICE OFFICERS WHO PRESENTED THE TRIAL JURY WITH FALSE FABRICATED FACTS.
>
> Ground Three: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> Ground Four: THE ATTORNEY ON POST-CONVICTION WAS INEFFECTIVE, MAKING NO EFFORT TO ASSIST THE DEFENDANT'S CLAIMS.

(Pet. ¶ 12.A. to 12.D.)

The State filed an Answer seeking dismissal of the Petition as unexhausted and because none of the grounds asserted satisfies the standard for habeas relief. Petitioner filed a Traverse.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and

appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).  Where a federal claim was "adjudicated on the merits" [1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

### III.  DISCUSSION

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition, or such process is unavailable or ineffective to protect the petitioner's rights.  28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254(b)(1) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).

Moreover, § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the Exhaustion Doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court [judgment] without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). "In addition, the requirement is based upon a pragmatic recognition that federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Castille v. Peoples, 489 U.S. 346, 349 (1989).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the State's highest court. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Castille, 489 U.S. at 350-51; Rose v. Lundy, 455 U.S. 509, 515 (1982); Picard, 404 U.S. at 275; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.  A petitioner in the custody of the State of New Jersey exhausts his federal claims by fairly presenting them to the Law Division of the Superior Court, the Appellate Division of the Superior Court, and in a petition for certification filed in the New Jersey Supreme Court.  Toulson, 987 F.2d at 987-89.

The habeas petitioner carries the burden of proving total exhaustion.  Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.  "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner."  Lambert, 134 F.3d at 513-14.

Applying these precepts, this Court has reviewed the grounds Petitioner presented to the New Jersey courts.  Petitioner presented Grounds Three and Four, i.e., ineffective assistance of trial counsel and ineffective assistance of post conviction relief counsel, to the Law Division in his petition for post conviction relief, to the Appellate Division in his appeal from the order denying post conviction relief, and to the Supreme Court of New Jersey.[2]  However, Petitioner did not present Grounds One or Two in his direct appeal or in his post conviction relief petition and appeal.  Accordingly, these claims are not exhausted.

B.  Circumstances Excusing Exhaustion

---

[2] Ground Four is not cognizable under § 2254.  See 28 U.S.C. § 254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i);; see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted."  Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[3]  "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether State court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims.  Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207.  Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim."  Lambert, 134 F.3d at 517.  Compare Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993)

---

[3] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword.  When a petitioner's failure to comply with a State procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims.  Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).  Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

(where petitioner had not presented some of his § 2254 grounds to the Supreme Court of New Jersey, petition was mixed petition "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default") with Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999) (New Jersey petitioner's claims were exhausted but procedurally defaulted where state court had in fact refused to consider the petitioner's federal claims because they were procedurally barred by state court rules).  In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his claims.  Applying Toulson and Cabrera, this Court holds that further collateral review of Petitioner's claims is not "clearly foreclosed."  Therefore, Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'"  Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138.  Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his claims.

C.  Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  The Third Circuit determined that

9

§ 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, a district court may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In Ground One, Petitioner asserts the following:

10

> Ground One: NOTWITHSTANDING THE TRIAL WAS HELD IN ABSENTIA IT WAS NOT FAIR OR IMPARTIAL AND WAS BIAS[ED] AND PREJUDICE UNCONSTITUTIONALLY CHANGE OF VENUE BEFORE A JUDGE OF CONFLICT OF INTEREST (EDWARD J. TURNBACK)
>
> Supporting Facts: DUE TO SEVERAL FAILED ATTEMPTS TO CONVICT THIS DEFENDANT AS A PROSECUTOR (EDWARD J. TURNBACK) THE CASE SHOULD OF NEVER CAME BEFORE HIM AS A JUDGE. THE TRIAL COURT ALLOWED THE PROSECUTION TO USE OF PERJURY BY ALL ITS WITNESS FABRICATING FACTS FALSE REPORTS TAMPERED STATEMENTS. IT SHOULD BE FURTHER NOTED THAT A INTERVIEW SCHEDULED BY PROSECUTOR EDWARD J. TURNBACK REGARDING ILLEGAL PROPERTY SEIZED SPIRALED OUT OF CONTROL ENDING IN HEATED DEBATE WHEREAS THE PROSECUTOR DID MAKE FUTURE THREATS AS A RESULT.

(Pet. ¶ 12.A.)

The Court reads Ground One as asserting that the trial judge was biased and had a conflict of interest because he had been involved in the prosecution of the case against Petitioner before being appointed judge. A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him. See Edwards v. Balisok, 520 U.S. 641, 647 (1997); Arizona v. Fulminante, 499 U.S. 279, 308 (1991); Tumey v. Ohio, 2273 U.S. 510, 535 (1927). In this case, a question exists as to whether the petitioner has stated a colorable due process claim. Thus, the Court may not reach and dismiss the Petition on the merits pursuant to § 2254(b)(2). See Pliler v. Ford, 124 S.Ct. 2441 (2004); Lambert, 134 F.3d at 515.

Because Petitioner has not exhausted all the grounds which he presents under § 2254, because New Jersey's appellate processes are neither unavailable nor inadequate to protect his

11

federal rights, and because the Petition raises at least one unexhausted colorable federal claim, the Court is constrained to dismiss the Petition without prejudice for failure to exhaust state court remedies.[4]  See Pliler v. Ford, 124 S.Ct. 2441 (2004); Lambert, 134 F.3d at 515.

D.  Certificate of Appealability

Because jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

          s/ Stanley R. Chesler
          STANLEY R. CHESLER, U.S.D.J.

DATED:          October 27, 2005

---

[4] Although Respondents raised failure to exhaust in the Answer, Petitioner has not requested a stay.  Moreover, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances" and nothing in the papers presented to this Court indicates that a stay is warranted.  See Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless").